UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS MOORE,

       Plaintiff,

v.                                                    Civil Case No. 14-11875
                                                    Honorable Linda V. Parker

FEDERAL EXPRESS CORPORATION and
FEDERAL EXPRESS FREIGHT, INC.

       Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING DEFENDANT FEDERAL EXPRESS CORPORATION'S RENEWED MOTION TO DISMISS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF NO. 17]; AND (2) GRANTING FEDEX FREIGHT, INC'S MOTION TO ENFORCE THE MICHIGAN STATE COURT'S DISMISSAL OF FEDEX FREIGHT, INC. [ECF NO. 21]</u>**

      On January 17, 2014, Plaintiff, with the assistance of counsel, initiated this lawsuit against Defendants in the Circuit Court for Oakland County, Michigan. In his Complaint, Plaintiff alleges wrongful discharge and discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count I), breach of implied contract (Count II), and "breach of reasonable expectations" (Count III). (ECF No. 1-3.) Plaintiff failed to serve Defendant Federal Express Freight Inc. ("FedEx Freight") before the state court summons expired. He served Defendant Federal Express Corp. on or about April 9, 2014; and Federal Express Corp.

removed Plaintiff's Complaint to federal court on May 9, 2014 on the basis of diversity jurisdiction. (ECF No. 1.) Plaintiff filed a First Amended Complaint against FedEx Freight and Federal Express Corp. on June 17, 2014. (ECF No. 14.)

Presently before the Court are the following motions: (1) Federal Express Corp.'s renewed motion to dismiss Plaintiff's First Amended Complaint, filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21 on July 10, 2014 (ECF No. 17); and (2) FedEx Freight's September 8, 2014 "Motion to Enforce the Michigan State Court's Dismissal of FedEx Freight, Inc." (ECF No. 21), which the Court construes as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

According to Defendants, Plaintiff's counsel was served with a copy of their motions through the Court's Case Management Electronic Filing System on the date the motions were filed. (ECF No. 17 at Pg ID 140; ECF No. 21 at Pg ID 175.) Nevertheless, Plaintiff has not filed a response to either motion as of this date. On October 22, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the pending motions pursuant to Eastern District of Michigan Local Rule 7.1(h). (ECF No. 23.) For the reasons that follow, the Court now grants Federal Express Corp.'s and FedEx Freight's motions.

## I.    Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and "determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[the] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Bledsoe*, 501 F.3d at 502 (quoting *Twombly*, 550 U.S. at 555).

## II.   Factual and Procedural Background

In his Complaint, Plaintiff refers to Defendants, jointly, as "FedEx". (ECF No. 1-3 ¶ 2.) He alleges that he was hired as a city-truck driver for FedEx on November 26, 2004, and subsequently became a double-trailer road driver. (*Id.* ¶¶ 9, 10.) Plaintiff overturned a doubled-trailer while driving for FedEx on January 19, 2011. (*Id.* ¶ 11.) On January 28, 2011, he received a telephone call from the service center manager for the Warren, Michigan terminal and FedEx's human resources manager, informing him that he was being terminated as a result of the accident. (*Id.* ¶ 16.)

Plaintiff alleges that the accident was not a basis for his termination pursuant to FedEx's rules, regulations, and protocols as set forth in its drivers' manual. (*Id.* ¶¶ 17, 18.) Plaintiff claims that the real reason for his termination was his race, African-American. (*Id.* ¶ 20.) He therefore filed this lawsuit in state court on January 17, 2014.

According to FedEx Freight, on March 29, 2014, Oakland County Circuit Court Judge Rudy J. Nichols issued a show cause order based on Plaintiff's failure to serve FedEx Freight and ordered the parties to appear before him on April 16, 2014. (ECF No. 21 ¶ 2.) On April 18, 2014, FedEx Freight was deemed dismissed without prejudice from the action pursuant to Michigan Court Rule 2.102 based on

Plaintiff's failure to serve this defendant before the summons expired. *See* MCR 1.02(D), (E) (providing that a summons expires 91 days after the date the complaint is filed and that an action is deemed dismissed without prejudice as to a defendant who has not been served with process before the summons expires).

As indicated previously, Federal Express Corp. removed Plaintiff's Complaint to federal court on May 9, 2014. On May 28, 2014, Federal Express Corp. filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that it was not and has never been Plaintiff's employer and had no involvement in any employment actions or decisions alleged in the Complaint. (ECF No. 10.) In response to the motion, Plaintiff asserted that matters outside the pleading were presented in the motion (rendering it improper for adjudication under Rule 12(b)(6)) and that discovery was needed to address Federal Express Corp.'s arguments for dismissal. (ECF No. 12.) Plaintiff filed his First Amended Complaint against Defendants on June 17, 2014. (ECF No. 14.)

Overall, Plaintiff's First Amended Complaint mirrors his initial complaint. The difference between the two pleadings is that in the opening paragraphs of his First Amended Complaint, Plaintiff asserts that FedEx Freight "is an operating unit" of Federal Express Corp. and that Federal Express Corp. therefore "is

responsible, as a matter of law, for the actions of the employees of [FedEx Freight]."  (ECF No. 14 ¶ 5.)

At a status conference on June 24, 2012, counsel for Defendants argued that Plaintiff improperly named FedEx Freight in his First Amended Complaint because it had been dismissed in the state court and the statute of limitations had expired before the amended pleading was filed.  The Court indicated that FedEx Freight's arguments needed to be asserted in a motion and set a September 8, 2014 deadline for FedEx Freight to file such a motion.  (ECF No. 16.)  In response to Federal Express Corp.'s motion to dismiss and Plaintiff's response thereto, the Court informed Plaintiff's counsel that it would allow Plaintiff the opportunity to engage in limited discovery to address the issue raised in Federal Express Corp.'s motion. The Court therefore set deadlines for Plaintiff to engage in limited discovery and to file a supplemental brief in response to the motion once discovery was complete. (*Id*.)  Those deadlines were August 7 and September 8, 2013, respectively.  (*Id*.)

Subsequent to the June 24, 2014 status conference, Federal Express Corp. filed a "Renewed Motion to Dismiss in Response to Plaintiff's First Amended Complaint."  (ECF No. 17.)  The Court entered an Order on July 8, 2014, indicating that the motion rendered Federal Express Corp.'s initial motion to dismiss moot and that the deadline for Plaintiff to respond to the initial motion now

applied to Federal Express Corp.'s renewed motion. (ECF No. 19.) Two days later, Federal Express Corp. entered a notice officially withdrawing its initial motion. (ECF No. 20.)

As indicated, the deadlines for Plaintiff to respond to Defendants' motions have passed, without Plaintiff filing a response.

## III.   FedEx Freight's Motion

Michigan Court Rule 2.102(E)(1) provides that "[o]n the expiration of the summons . . . the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction." Pursuant to this rule, a lawsuit is automatically dismissed due to a plaintiff's failure to serve a defendant within the time prescribed by the rules. *See Blala v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (holding "a Michigan court rule requiring automatic dismissal of actions in which service was not made within [the prescribed number of] days after the complaint was filed must be applied by a federal court sitting in diversity); *Durfy v. Kellogg*, 483 N.W.2d 664, 665 (Mich. Ct. App. 1992); *see also Hutcherson v. Smith*, No. 248143, 2004 WL 2480662, at *3 (Mich. Ct. App. Nov. 4, 2004) (explaining that the 1979 amendment to the rules rendered dismissal under Rule 1.201(E) self-executing, whereas the earlier version required the clerk

to enter an order of dismissal).  While the rule directs the court clerk to enter an order dismissing the action as to a defendant not timely served with process, the rule provides that "[t]he clerk's failure to enter a dismissal order does not affect the dismissal."  MCR 2.102(E)(2).

Plaintiff failed to serve FedEx Freight before the summons expired ninety-one days after the lawsuit was filed in state court.  Therefore the action was automatically terminated against FedEx Freight on April 18, 2014.

Under Michigan law, the statute of limitations is not tolled upon the filing of the complaint, *unless* the summons and a copy of the complaint are served on the defendant within the time set forth in the Michigan Court Rules.  *See* Mich. Comp. Laws § 600.5856.  A three-year limitations period applies to Plaintiff's claims.[1] *See Garg v. Macomb Cnty. Cmty. Mental Health Servs,* 696 NW2d 646, 659 (Mich. 2005) (discussing limitations period applicable to an ELCRA claim); *Ins. Co. of North Am. v. Mfrs. Bank of Southfield, NA*, 338 N.W.2d 214, 216 (Mich. Ct. App. 1983) (citing *Cont'l Cas. Co. v. Huron Valley Nat. Bank*, 271 N.W.2d 218

---

[1]The Court is unfamiliar with the claim of "breach of breach of reasonable expectations," asserted as Count III of Plaintiff's First Amended Complaint.  The Court was not able to locate a single decision by the Michigan courts discussing such a claim.  Plaintiff's allegations in this count, however, mirror those of his breach of implied contract claim.  Thus the Court will assume, to the extent the claim even exists, that it is governed by the same limitations period.

(Mich. Ct. App. 1978)) (discussing the limitations period applicable to a breach of implied contract claim).  Thus the limitations period, which began to run after Plaintiff's termination on January 28 or 29, 2011, continued to run and expired with respect to Plaintiff's claims against FedEx Freight in late January 2014.  The filing of Plaintiff's First Amended Complaint does not save Plaintiff's claims from being time-barred.  *See Durfy*, 483 N.W.2d at 665-666.

In short, Plaintiff's claims against FedEx Freight are barred by the applicable limitations period.

## IV.   Federal Express Corp.'s Motion

Federal Express Corp. argues that Plaintiff's claims against it must be dismissed because it was never Plaintiff's employer and is not the holding company for FedEx Freight, as alleged in the First Amended Complaint.  Federal Rule of Civil Procedure 21 provides for the dismissal of a defendant sued for employment-related decisions where the defendant was not the plaintiff's employer and had no control over or involvement in the employment decision.  *See Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 611-613 (6th Cir. 2003) (upholding the dismissal for misjoinder under Rule 21 of a defendant that was not the plaintiff's employer).

In support of its motion, Federal Express Corp. provides evidence to show

that it was not Plaintiff's employer and that FedEx Freight (which did employ Plaintiff) is not "an operating unit" of Federal Express Corp., as alleged in Plaintiff's First Amended Complaint. (ECF No. 17, Exs. A, C, D.) Federal Express Corp.'s evidence reflects that an entity named "FedEx Corporation" is the holding company of FedEx Freight and Federal Express Corp, and that all three entities are separate and distinct. (*Id.*, Ex. A ¶¶ 3, 9.) Federal Express Corp.'s evidence also shows that neither it nor FedEx Corporation have day-to-day control over the employment decisions of FedEx Freight. (*Id.* ¶¶ 10, 11.)

As indicated earlier, the Court allowed Plaintiff to conduct discovery with respect to the issues raised in Federal Express Corp.'s motion and extended the time for Plaintiff to respond to the motion until after discovery was due to be completed. Nevertheless, Plaintiff has not filed a response to the motion. As a result, Plaintiff fails to offer any evidence to show that Federal Express Corp. was his employer or had any role in his termination. Because the evidence shows that Federal Express Corp. was not Plaintiff's employer and had no role in or control over FedEx Freight's employment decisions, the Court concludes that Federal Express Corp. should be dismissed for misjoinder pursuant to Rule 21.

## V. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's claims

against Defendant Federal Express Freight Incorporation are time-barred and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, Defendant Federal Express Corporation has been misjoined as a defendant and must be dismissed pursuant to Federal Rule of Civil Procedure 21.

Accordingly,

**IT IS ORDERED**, that Defendant Federal Express Corporation's Renewed Motion to Dismiss (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant Federal Express Freight Incorporated's "Motion to Enforce the Michigan State Court's Dismissal of FedEx Freight, Inc." (ECF No. 21) is **GRANTED**.

> S/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: October 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 28, 2014, by electronic and/or U.S. First Class mail.

> S/ Richard Loury
> Case Manager